**ZHAO YONG LI, Petitioner,**

v.

**United States Attorney General**

Michael B. MUKASEY,[1]
Respondent.

No. 07–1746–ag.

United States Court of Appeals,
Second Circuit.

May 16, 2008.

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Thomas V. Massucci, New York, NY, for Petitioner.

Jeffrey Bucholtz, Acting Assistant Attorney General, Civil Division; Michelle Gorden Latour, Assistant Director; Nairi M. Simonian, Trial Attorney, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. RALPH K. WINTER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhao Yong Li, a citizen of the People's Republic of China, seeks review of a March 30, 2007 order of the BIA affirming the March 1, 2001 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying Li's application for asylum and withholding of removal. *In re Zhao Yong Li*, No. A 73 174 049 (B.I.A. Mar. 30, 2007), *aff'g* No. A 73 174 049 (Immig. Ct. N.Y. City Mar. 1, 2001). We assume the parties' familiarity with the underlying facts and procedural history in this case.

██ As an initial matter, although Li claimed in his asylum application that he feared persecution in China based on his illegal departure, the IJ did not address this claim in her decision and Li did not challenge it in his appeal to the BIA or in his brief to this Court. Accordingly, his asylum claim based on his illegal departure from China is deemed abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007).

██ We conclude that the agency's adverse credibility determination was supported by substantial evidence. First, the IJ properly found that Li's submission of a household registration of questionable authenticity cast doubt on his credibility. *Cf. Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133 (2d Cir.2006); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007) (relying on the maxim *falsus in uno, falsus in omnibus* to find that once an IJ concludes that a document is false, he is "free to deem suspect other documents (and to disbelieve other testimony) that depend for probative weight upon [the applicant's] veracity"). The IJ properly questioned the authenticity of the household registration where: (1) Li's testimony and a statement on his household registration were inconsistent regarding why the registration was cancelled, and he was evasive when asked to explain this discrepancy; (2) the household registration was inconsistent with Li's asylum application regarding when his wife moved in with him; and (3) although the "marital status" line on his household

registration is blank, he claimed that he was married.

Further, the IJ also properly based her adverse credibility determination on the fact that Li's testimony and asylum application were inconsistent regarding his wife's date of birth, and his testimony and marriage certificate were inconsistent regarding his own date of birth. Although minor, the cumulative effect of these inconsistencies supports the IJ's finding that Li is not credible. *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006)

■ As the IJ accurately concluded, although no finding independently substantiates her adverse credibility determination, their cumulative effect demonstrates that Li is not credible. *See Id.* Accordingly, the agency's adverse credibility determination, and its denial of Li's asylum application, is supported by substantial evidence. *Zhou Yun Zhang,* 386 F.3d at 73. Moreover, because the only evidence of a threat to Li's life or freedom depended upon his credibility, the adverse credibility determination necessarily precludes success on his claim for withholding of removal. *Cf. Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).